Dr. Frank Biasco Chairman Escambia Soil and Water Conservation District 9759 Pickwood Drive Pensacola, Florida 32514-1520
Dear Dr. Biasco:
You ask substantially the following question:
If a member of the district's board is called to active military duty, does a vacancy occur in office and, if so, how must the vacancy be filled?
In sum:
A leave of absence granted to a board member due to active military duty does not create a vacancy in office that may be filled pursuant to section 582.18(2), Florida Statutes. It is within the constitutional power of the Governor, however, to appoint an acting member during the officer's absence.
A member of the Escambia Soil and Water Conservation District (district) has been called to active military duty, leaving the board with only four functioning members. There is a question as to whether a vacancy in office has occurred and how the board should treat the absence of the member.
The district was created pursuant to Chapter 582, Florida Statutes. Section 582.18, Florida Statutes, provides for the election of supervisors of each district created. Each district has five supervisors who generally serve for a term of four years.[1] While a supervisor holds office until a successor has been elected and qualified, the selection of a successor to fill an unexpired term is to be in accordance with section 582.18(2), Florida Statutes.[2] Section 582.18(2), Florida Statutes, states:
"After the issuance of a certificate of organization of a soil and water conservation district by the Department of State, or in the event of a vacancy resulting from death, resignation, removal, or otherwise, each vacancy shall be filled by appointment by the remaining supervisors of the district until the next regular election."
Thus, the plain language of the statute provides that a vacancy in the office of a supervisor for the district is to be filled by appointment by the remaining supervisors. The question remains, however, whether a call to active military duty creates a vacancy that may be filled pursuant to section 582.18(2), Florida Statutes.
Section 115.09, Florida Statutes, provides:
"All officials of the state, the several counties of the state, and the municipalities or political subdivisions of the state, including district school and community college officers, which officials are also officers or enlisted personnel in the National Guard or a reserve component of the Armed Forces of the United States may, subject to the provisions and conditions here-after set forth, be granted leave of absence from their respective offices and duties to perform active military service, the first 30 days of any such leave of absence to be with full pay."
Application for such leave of absence must be made to the Governor, who may grant or deny the request based upon what best serves the public interest.[3] During a leave of absence for active military duty, an official is entitled to preserve all seniority rights, efficiency ratings, promotional status and retirement privileges, and the period of active service is deemed continuous service in the office for purposes of computing retirement benefits.[4] Moreover, when an official terminates his or her active military service, he or she immediately resumes the duties of the office for the unexpired portion of the term for which elected or appointed.[5]
The above provisions have been in existence since 1941, with only nominal amendments not affecting the rights protected. This office considered the ramifications of a county commissioner's absence due to being called to active duty in Attorney General Opinion 50-482.[6] While the officer's term potentially would expire during his tour of duty, the opinion discussed the various scenarios that might occur if the officer were granted a leave of absence. The opinion states that if the Governor grants a leave of absence for active military duty, then the Governor is empowered to appoint a person as an acting member of the board to serve in the place of the absent member during the period of active duty, but not beyond the expiration of the term to which the absent member was elected.
In In re: Advisory Opinion to the Governor,[7] the Court in 1942 considered whether a sheriff's induction into the Army Reserve and subsequent leave of absence granted by the Governor created a vacancy that could be filled by the Governor. Stating that the purpose of granting leaves of absence was to secure the tenure of officers called to active service, the Court found that a leave of absence did not create a vacancy in office. The Court concluded, however, that a replacement for the office could be named in one of two ways. An officer possessing the authority to name a deputy to perform the duties of the office should do so. Otherwise, the Court stated that the power vested in the Governor to grant a leave of absence implies the power to name a suitable replacement during the period of the officer's absence.[8]
This conclusion was clarified later that year in a subsequent advisory opinion in which the Court pointed to the Governor's authority to suspend officers who are not subject to impeachment and appoint a proper replacement to perform the duties of the office pending such suspension.[9] While recognizing that the Constitution does not contemplate a suspension from office due to an officer's absence for military service, the Court found that it does contemplate that the official duties of the absent officer will be faithfully performed during the officer's absence. Considering the Governor's appointment power and duty to see that the laws of this state are faithfully executed, the Court concluded that the Governor, when not otherwise forbidden, was authorized to appoint a proper person to perform the duties of the absent officer.[10]
No changes have been made to Chapter 115, Florida Statutes, that would alter the conclusions reached in Attorney General Opinion 50-482 or in In re: Advisory Opinion to the Governor.
In contrast, the filling of temporarily unoccupied positions in municipal office due to active military duty is addressed in section 115.11(2), Florida Statutes, providing:
"Should such military leave of absence for any elected municipal officer extend for more than 60 days, the temporarily unoccupied position created by such leave may be filled by majority vote of the remaining members of the legislative body of the municipality. This temporary appointment shall terminate upon the elected official's return from active military service or upon the expiration of his or her original term of office, whichever occurs first."[11]
The Legislature has not chosen to address the filling of unoccupied positions due to military leave for other boards or commissions in a like manner.
Accordingly, it is my opinion that a leave of absence granted to a board member due to active military duty does not create a vacancy in office that may be filled pursuant to section 582.18(2), Florida Statutes. It is within the constitutional power of the Governor, however, to appoint an acting member during the officer's absence.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 582.19(1), Fla. Stat. And see, s. 582.19(2), Fla. Stat., also providing that the initial terms of two district supervisors shall be for two years.
[2] Id.
[3] Section 115.10, Fla. Stat.
[4] Section 115.12, Fla. Stat.
[5] Section 115.13, Fla. Stat.
[6] See, Ops. Att'y Gen. Fla. 50-482 (1950), p. 158; 50-382 (1950), p. 156; and 50-441 (1950), p. 156.
[7] 8 So.2d 26 (Fla. 1942).
[8] Id. at 32.
[9] See, In re Advisory Opinion to the Governor, 9 So.2d 172
(Fla. 1942), further explaining that the Governor is without authority to name a substitute for a circuit court judge as such officer is subject to impeachment.
[10] Id. at 176.
[11] See, s. 1, Ch. 91-92, Laws of Fla., and Florida House of Representatives Committee on Ethics Elections, Final Bill Analysis Economic Impact Statement, CS/HB 983, April 25, 1991, explaining the need for a method to fill elected municipal positions unoccupied due to extended military leave since there was no law addressing the filling of such positions and the Governor's appointment power extended only to fill vacancies created by suspensions of municipal officers who are criminally indicted.